IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ELIZABETH MYERS,

        Plaintiff,　　　　　　　　　No. CIV S-11-02671 EFB

    vs.

RIO LINDA/ELVERTA COMMUNITY
WATER DISTRICT,

        Defendant.　　　　　　　　ORDER
_____/

    This action is before the undersigned under Eastern District of California Local Rule 305 and 28 U.S.C. § 636(c), pursuant to the consent of the parties. Dckt. No. 12. Defendant Rio Linda/Elverta Community Water District moves to dismiss plaintiff's complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). Dckt. No. 10. Plaintiff opposes the motion. Dckt. No. 14. For the reasons stated herein, the motion to dismiss will be granted with leave to amend.

I.    BACKGROUND

    Plaintiff Elizabeth Myers brings this action pursuant to 42 U.S.C. § 1983 and the California Constitution, alleging that her former employer Rio Linda/Elverta Community Water District violated her Fifth and Fourteenth Amendment right to procedural due process and her right to privacy under Article 1, Section 1 of the California Constitution by releasing information

1

regarding and commenting on a personnel action pending against plaintiff, thereby depriving plaintiff of her "liberty interest in her good name." *See generally* Compl., Dckt. No. 1.

Specifically, plaintiff alleges that in late 2010 and early 2011, she was accused of misconduct by defendant's management and was ultimately terminated. *Id.* ¶ 5. She is currently in the process of "pursu[ing] her available remedies in challenging the termination" and a final decision has not yet been reached. *Id.* Plaintiff alleges that "throughout the time in which the allegations came to light, defendant's managers have engaged in an official policy, custom and pattern of releasing to the public, including the press, information regarding defendant's personnel actions against plaintiff and the allegations on which they are based." *Id.* According to plaintiff, "[t]his conduct took the form of defendant's officials, either its Acting General Manager or a Member of its Board of Directors, or both, releasing to the press information regarding the personnel action pending against [p]laintiff," even though defendant has express policies providing that "no such information may be released without the approval of the General Manager." *Id.* In particular, plaintiff contends that in November 2010, "Ingrid Sheipline, a CPA, sent an e-mail to Ravi Mehta, who at the time acted both as General Manager and General Counsel for defendant, regarding the preliminary findings of Sheipline's audit in connection with [plaintiff's] use of a credit card, which charges were implicated in the allegations of misconduct against her." *Id.* Plaintiff alleges that "[s]ome person then provided a copy of the e-mail to a reporter at the Sacramento Bee, who ran stories based on the e-mail that embarrassed and humiliated [plaintiff]." *Id.* Plaintiff also alleges that "[o]ther information regarding [plaintiff's] personnel action was routinely provided to the press in similar fashion." *Id.*

II.     LEGAL STANDARDS

Defendant moves to dismiss plaintiff's complaint for failure to state a claim pursuant to Rule 12(b)(6). Dckt. No. 10. To survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the

speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  *Id*. (quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed. 2004)).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*.  Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor.  *Jenkins v. McKeithen*, 395 U.S. 411, 421, *reh'g denied*, 396 U.S. 869 (1969).  The court will "'presume that general allegations embrace those specific facts that are necessary to support the claim.'"  *Nat'l Org. for Women, Inc. v. Scheidler*, 510 U.S. 249, 256 (1994) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).  The court may consider facts established by exhibits attached to the complaint.  *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987).  The court may also consider facts which may be judicially noticed, *Mullis v. U.S. Bankr. Ct.*, 828 F.2d at 1388, and matters of public record, including pleadings, orders, and other papers filed with the court.  *Mack v. South Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir. 1986).

////

////

////

3

III.   DISCUSSION

    A.   Plaintiff's First Claim: Violation of Procedural Due Process

Defendant moves to dismiss plaintiff's first claim, which alleges a violation of plaintiff's procedural due process rights. Plaintiff alleges in this claim that the defendant's "release of information and comment regarding a pending personnel action deprived [plaintiff] of her liberty interest in her good name at a time when she was in the process of investigation and assembling evidence to rebut the various allegations, during which period she was neither able effectively to respond to the allegations in public nor inclined to do so." Compl. ¶ 8. She contends that she "was forced by defendant's conduct either to suffer public approbation in silence or to respond to the allegations completely outside the scope of the procedural means otherwise available to her as a matter of constitutionally required procedural due process . . . ." *Id.* Therefore, she contends, the untimely release of information and comment "irrevocably deprived [her] of her liberty interest notwithstanding the ultimate outcome of the personnel action," thereby depriving her of that liberty interest without due process of law. *Id.*

Defendant argues that plaintiff's procedural due process claim fails because plaintiff acknowledges in her complaint that she is being afforded the process due to her by pursuing her available remedies in challenging her termination. Defendant notes that plaintiff has been represented by counsel at a pre-termination hearing and will be represented by counsel at a not yet scheduled appeal of the termination decision. Dckt. No. 10 at 2, 3. Defendant also contends that "[i]f plaintiff is contending that the deprivation of the liberty interest is not the manner of the termination but rather the possibility of the dissemination of information to the newspaper, the claim must also fail" because plaintiff acknowledges that the source of the information to the Sacramento Bee is unknown and because she is being afforded the process due in connection with clearing her name. *Id.* at 3.

////

////

4

"A section 1983 claim based on procedural due process . . . has three elements: (1) a liberty interest protected by the Constitution; (2) a deprivation of the interest by the government; (3) lack of process." *Portman v. County of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993).

Here, plaintiff's complaint sufficiently alleges both a liberty interest and a deprivation of that interest by the government. The complaint identifies plaintiff's liberty interest as an interest "in her good name" in connection with her termination.[1] Compl. at 4. Liberty "'denotes not merely freedom from bodily restraint but also the right of the individual to contract, to engage in any of the common occupations of life, to acquire useful knowledge, to marry, establish a home and bring up children, to worship God according to the dictates of his own conscience, and generally to enjoy those privileges long recognized . . . as essential to the orderly pursuit of happiness by free men.'" *Bd. of Regents of State Colleges v. Roth,* 408 U.S. 564, 572 (1972) (quoting *Meyer v. Nebraska*, 262 U.S. 390, 399 (1923)). As defendant concedes, a protected liberty interest exists where an employee's reputation is impugned in connection with termination. *See Paul v. Davis*, 424 U.S. 693, 711-712 (1976) (requiring the claimant to show harm to reputation plus some more tangible interest in order to qualify as a liberty interest). Therefore, assuming plaintiff seeks to establish a violation of her liberty interest in her good name in connection with her termination, then reputation is a valid liberty interest requiring due process. *See Mustafa v. Clark County Sch. Dist*. 157 F.3d 1169, 1179 (9th Cir. 1998).

---

[1] In her opposition to the motion, plaintiff attempts to frame the liberty interest differently than she does in her complaint. Specifically, plaintiff argues that the alleged violation of the California Constitution's privacy interest or the defendant's policies created a liberty interest for the purposes of due process. *See* Dckt. No. 14 at 11-15. However, the liberty interest plaintiff identified in her complaint is an interest in plaintiff's "good name," which plainly indicates a reputation or stigma liberty interest. *See Portman v. County of Santa Clara,* 995 F.2d 898 (9th Cir. 1992) (reputation case where necessity of a "name-clearing" hearing was at issue). Because plaintiff raises this new theory in her opposition, it is not sufficient to defeat a motion to dismiss. *See Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003) (facts raised in opposition papers may not defeat a motion to dismiss, but may be considered by the court to determine whether dismissal should be with or without leave to amend). For purposes of determining whether dismissal is appropriate, this court will analyze plaintiff's complaint under the reputation or stigma plus analysis.

Defendant also argues that plaintiff's complaint does not sufficiently allege deprivation by the government since the source of the information to the Sacramento Bee is unknown. However, plaintiff's allegations attributing the deprivation to defendant are sufficient to withstand a motion to dismiss. Due process applies to deprivations that can be "fairly attributable to the State." *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 923 (1982). "Fair attribution" requires a two part approach: "(a) the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by it or by a person for whom it is responsible, and (b) the party charged with the deprivation must be a person who may fairly be said to be a state actor, either because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State." *Id.* Here, the complaint alleges that defendant is a "publicly owned utility" and its "managers . . . engaged in an official policy, custom and pattern of releasing to the public . . . information regarding defendant's personnel actions against plaintiff and the allegations on which they are based." Compl. ¶ 5. The complaint further alleges that "some person" provided a copy of an e-mail between the defendant's CPA and Mehta, defendant's General Manager and General Counsel, to the Sacramento Bee "who ran stories that embarrassed and humiliated [plaintiff.]" *Id.* Plaintiff concludes that "the e-mail was supplied to the reporter by Mehta or a member of the Board." *Id.* Defendant disputes whether plaintiff will be able to prove those allegations, but the allegations are sufficient to permit a plausible inference of government involvement in the alleged deprivation of plaintiff's liberty interest in her good name. *See Iqbal*, 129 S. Ct. at 1949 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged").[2]

---

[2] Defendant's motion to dismiss cites *Longmire v. City of Oakland*, 2011 WL 5520958, at *7 (N.D. Cal. November 14, 2011), arguing the failure to identify the individual who disclosed the material was fatal. Defendant states that in *Longmire*, "[t]he court granted Summary

However, plaintiff's complaint does not sufficiently allege a lack of process in connection with the alleged deprivation of her liberty interest in her good name. "[D]ue process requires that a party affected be given 'the opportunity to be heard at a meaningful time and in a meaningful manner.'" *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976). However, a post-deprivation name-clearing hearing is sufficient for claims alleging damage to reputation. *See Codd v. Velger*, 429 U.S. 624, 627 (1977) (when the elements of a reputation claim are made due process requires a notice hearing to "provide the person the opportunity to clear his name"); *Mustafa*, 157 F.3d at 1179 (post-deprivation arbitration hearing sufficient for name clearing purposes); *see also Hudson v. Palmer*, 468 U.S. 517, 533-35 (1984) (when a government employee is responsible for the deprivation and the employee's actions were either unauthorized or negligent, then the only form of process possible is post-deprivation process as any pre-deprivation process would be impracticable). Here, plaintiff does not allege that she was denied a post-deprivation name clearing hearing to repair her reputation. Rather, plaintiff's complaint acknowledges that she is currently in the process of pursuing her administrative remedies. Therefore, plaintiff's complaint does not adequately allege a lack of process. Accordingly, defendant's motion to dismiss plaintiff's procedural due process claim will be granted. It is unclear whether this defect can be remedied by amendment of the complaint. Accordingly, plaintiff will be given an opportunity to amend to properly allege a procedural due process claim. In any amended complaint, plaintiff must specifically identify the liberty interest plaintiff believes was implicated by defendant's actions, how defendant deprived plaintiff of that interest, and why the process provided was inadequate.

---

Judgment finding that a plaintiff may not rely on mere speculation and conjecture without admissible supporting evidence to avoid summary judgement." Dckt. No. 10 at 4. Plaintiff properly points out that defendant has confused the standards applicable to a motion for summary judgment with the "standards applicable to a motion to dismiss, such as this one" and cites the same case at the motion to dismiss stage where plaintiff's case was allowed to go forward. *See Longmire v. City of Oakland,* 2010 WL 4510854, at *4-5 (N.D. Cal. Nov. 2, 2010); Dckt. No 14 at 9.

B. <u>Plaintiff's Second Claim: Violation of Art. 1, § 1 of the California Constitution</u>

Defendant also moves to dismiss plaintiff's second claim, which alleges that defendant violated plaintiff's right to privacy under Article 1, Section 1 of the California Constitution. *See* Compl. ¶ 11. Defendant argues that the claim fails since the complaint does not identify the source of the alleged leak and does not reference the specific publication of the alleged leaks, and since plaintiff cannot have an expectation of privacy when using a District credit card. Dckt. No. 10 at 2, 3-4.

Although defendant moves to dismiss plaintiff's state constitutional claim on the merits, plaintiff's only federal claim has now been dismissed. This court declines to exercise supplemental jurisdiction over the state law claim at this time. A district court may decline to exercise supplemental jurisdiction over state law claims when it has "dismissed all claims over which it has original jurisdiction. . . ." 28 U.S.C. § 1367(c). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988). Indeed, "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of the applicable law." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966). Here, because plaintiff's only federal claim has been dismissed, and the remaining claim is a state constitutional claim, it is in the interests of judicial economy, convenience, fairness, and comity to dismiss the state law claim pursuant to 28 U.S.C. § 1367(c). If plaintiff files an amended complaint alleging a proper federal claim, plaintiff may re-allege this supplemental state law claim.

////

////

////

IV. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion to dismiss, Dckt. No. 10, is granted; and

2. Plaintiff is provided thirty days from the date of this order to file an amended complaint. Failure to file an amended complaint will result in a dismissal of this action for failure to prosecute.

DATED: April 17, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

9